UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MARIA MAUCERE, ) <br> AYRA BROWN, ) <br> JEAN THOEN, and ) <br> CLARK B. SEIFERT, ) <br> ) <br> Defendants. ) | Civil Action No. _____ |

# COMPLAINT

The United States of America, by the authority of the Attorney General of the United States and through the undersigned attorneys, acting on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), files this Complaint seeking access to the yards of three parcels of residential real property ("Three Properties") located within the South Minneapolis Residential Soil Contamination Superfund Site ("Site") in Minneapolis, Minnesota, and alleges as follows:

## Nature of Action

1. The Three Properties that are the subject of this Complaint are located at 1318 23rd Street East, 1419 21st Street East, and 2609 22nd Street East, all in Minneapolis, Hennepin County, Minnesota. EPA seeks access to the Three Properties to clean up soil that is contaminated with arsenic at those locations.

2. This is a civil action brought by the United States pursuant to Section 104(e) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), as amended, 42 U.S.C. § 9604(e), against individuals with ownership interests in those properties: Defendants Maria Maucere, Ayra Brown, Jean Thoen, and Clark B. Seifert (collectively, the "Defendants"). EPA has been unable to obtain consent for access to remediate remaining contaminated areas in the yards of the Three Properties. Through this action, the United States seeks orders ("Access Orders") providing EPA and its designated representatives with a right of access to the Three Properties for the purpose of excavating the contaminated soil and replacing it with clean soil, conducting confirmatory soil sampling, preparing for and disposing of the contaminated soil off-site, restoring each property through placement of sod and replacement of landscaping removed during the excavation, maintaining the grass and landscaping for a period of 30 days, and conducting other associated activities.

## Jurisdiction and Venue

3. This Court has exclusive jurisdiction over the subject matter of this action and personal jurisdiction over the Defendants under CERCLA Section 113(b), 42 U.S.C. § 9613(b), and 28 U.S.C. §§ 1331 and 1345.

4. Venue is proper in this judicial district pursuant to Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), and 28 U.S.C. § 1391(b), because the release or threatened release of a hazardous substance or substances that gives rise to this claim occurred and is occurring in this district and the Three Properties are located within this district.

**Defendants**

5.   David Zeleznikar is the owner of record for 1318 23rd Street East, according to Hennepin County Assessor records. Mr. Zeleznikar died in 2013 and transferred the property upon his death to Maria Maucere and Ayra Brown, as joint tenants.

6.   Jean Thoen is the owner of record for 1419 21st Street East, according to Hennepin County Assessor records.

7.   Clark B. Seifert et al. is the owner of record for 2609 22nd Street East, according to Hennepin County Assessor records.

**Statutory Background**

8.   CERCLA Section 104, 42 U.S.C. § 9604, grants EPA broad authority to obtain access to property for its employees and authorized representatives to identify and address potential releases or threatened releases of hazardous substances.

9.   CERCLA Section 104(e) provides in pertinent part:

> (e) Information gathering and access
>
> (1) Action authorized
>
> Any officer, employee, or representative of the President . . . is authorized to take action under paragraph (2), (3), or (4) (or any combination thereof) at a vessel, facility, establishment, place, property, or location . . . . The authority of paragraphs (3) and (4) may be exercised only if there is a reasonable basis to believe there may be a release or threat of release of a hazardous substance or pollutant or contaminant. The authority of this subsection may be exercised only for the purposes of determining the need for response, or choosing or taking any response action under this subchapter, or otherwise enforcing the provisions of this subchapter.


\* \* \*

> (3) Entry
>
> <u>Any officer, employee, or representative described in paragraph (1) is authorized to enter at reasonable times any of the following</u>:
>
> (A) Any vessel, facility, establishment, or other place or property where any hazardous substance or pollutant or contaminant may be or has been generated, stored, treated, disposed of, or transported from.
>
> (B) Any vessel, facility, establishment, or other place or property from which or to which a hazardous substance or pollutant or contaminant has been or may have been released.
>
> (C) Any vessel, facility, establishment, or other place or property where such release is or may be threatened.
>
> (D) <u>Any vessel, facility, establishment, or other place or property where entry is needed</u> to determine the need for response or the appropriate response or <u>to effectuate a response action under this subchapter</u>.

42 U.S.C. § 9604(e) (emphasis added).

10. CERCLA Section 104(e)(4), 42 U.S.C. § 9604(e)(4), also authorizes any officer, employee or representative designated under CERCLA Section 104(e)(1), 42 U.S.C. § 9604(e)(1), to inspect and obtain samples from any facility, establishment, or other place or property referred to in CERCLA Section 104(e)(3), 42 U.S.C. § 9604(e)(3), or from any location of any suspected hazardous substance or pollutant or contaminant.

11. CERCLA Section 104(a)(1), 42 U.S.C. § 9604(a)(1), provides that whenever there is a release or substantial threat of release of a hazardous substance into the environment, EPA "is authorized to act, consistent with the national contingency plan, to

4

remove or arrange for the removal of, and provide for remedial action relating to such hazardous substance . . . or take any other response measure consistent with the national contingency plan" that EPA deems necessary to protect the public health or welfare or the environment.

12. CERCLA Section 104(e)(5)(B), 42 U.S.C. § 9604(e)(5)(B), provides that the United States may commence a civil action either to compel compliance with a request for access or to compel compliance with an administrative order for access.  The statute provides that, where there is a reasonable basis to believe there may be a release or threat of a release of a hazardous substance, pollutant, or contaminant, the court "shall enjoin" interference with an EPA request or order for entry "unless under the circumstances of the case the demand for entry or inspection is arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law." 42 U.S.C. § 9604(e)(5)(B)(i).

13. CERCLA Section 104(e)(6), 42 U.S.C. § 9604(e)(6), provides that nothing in CERCLA Section 104(e) shall preclude EPA from securing access in any other lawful manner.

## General Allegations

14. Paragraphs 1 through 13 are re-alleged and incorporated herein by reference.

## The Site

15. The Three Properties are located within the 1,480 acre South Minneapolis Residential Soil Contamination Superfund Site, which is located in the area surrounding the former CMC Heartland property (also known as the Heartland Lite Yard property) at Hiawatha Avenue and 28th Street in Minneapolis.

16. The Site encompasses all residential homes within a three-quarter-mile radius of the former CMC Heartland property.

17. At the CMC Heartland property, arsenic was used to manufacture herbicides and pesticides over a 25-year period until at least 1963. Those historic operations at the source area led to arsenic contamination of surrounding residential parcels, primarily through wind dispersion.

**Prior Response Actions**

18. Beginning in May 2004, EPA, its contractors, and the Minnesota Department of Agriculture began sampling the residential properties at the Site to evaluate levels of arsenic contamination. The efforts at the Site, including the efforts to obtain access to the Three Properties, were performed by EPA, on EPA's behalf by its contractors, and/or by the Minnesota Department of Agriculture, which has been working with EPA on access efforts. This Complaint refers to efforts by those three entities collectively as "EPA."

19. From 2004 through 2008, EPA also began excavating and removing arsenic-contaminated soils at some of the most highly contaminated residential properties at the Site, as identified through the sampling program.

20. In September 2007, EPA placed the Site on the National Priorities List of sites where known releases or threatened release of hazardous substances, pollutants, or contaminants require remediation.

21. In 2007, EPA completed its Remedial Investigation for the Site, determining that arsenic was present in soils throughout the neighborhood at levels unsafe for human health.

22. EPA issued its Record of Decision for the Site in September 2008, selecting the following remedy:

   a. Inventory and document the existing conditions of the areas requiring the remedy.

   b. For those yards with contamination exceeding the Remedial Action Level of 25 milligrams per kilogram ("mg/kg") arsenic in surface soils, excavate soil (to a depth of 12 inches below grade in yards, and to a depth of 18 inches below grade in garden areas).

   c. Conduct post-excavation soil sampling to document the concentrations in the remaining soils.

   d. If the samples at the base of the excavation exceeded the deep soil arsenic Remedial Action Level, 95 mg/kg, continue excavation until the deep soil cleanup standard is met, or to a maximum depth of ten feet.

   e. If the samples at the base of the excavation exceeded the deep soil arsenic cleanup standard, place a permeable and permanent high visibility marker layer in the bottom of the excavation.

   f. Backfill excavation areas with clean fill and topsoil to the original grade.

   g. Restore the excavated areas (i.e., restore vegetation by seeding the final graded surface and plant replacement plants identified prior to excavation during an inventory).

   h. Arrange for appropriate disposal of the excavated soils.

   i. If cleanup standards are not obtained at the bottom of the excavation, place institutional controls on the land in the form of use restrictions to define areas of remaining concern or zoning and permit requirements to limit exposure.

23. EPA secured access to sample the vast majority of the yards through voluntary access agreements with the owners.

24. EPA has now sampled all of the nearly 3,700 properties at the Site and has cleaned up arsenic-containing soil at more than 600 properties that had contamination exceeding the Remedial Action Levels.

25. The final samples were taken in June 2020, after the U.S. Department of Justice filed an application for administrative warrants in April 2020 for four properties whose owners had not consented to access for sampling. After the United States filed the application, the owners of two properties consented to access. As a result, Judge Bowbeer issued warrants for the two remaining properties in May 2020. *In the Matter of: South Minneapolis Residential Soil Contamination Superfund Site*, No. 20-mc-33 (D. Minn.), ECF #s 1, 17, 18. The owner of one of the two properties where a warrant had been issued then consented to sampling. EPA completed the soil sampling collection for the four properties, as well as one property for which consent had been obtained prior to the application, in June 2020. In August 2020, results from the laboratory analysis of the soil revealed no contamination exceeding the Remedial Action Levels at the newly sampled properties.

26. Thus, since none of the recently sampled properties needs to be remediated, EPA now seeks to remediate the three remaining properties that still need remediation so it can finish its work at the Site.

27. In June 2020, EPA renewed its efforts to contact the owners of the Three Properties in need of remediation to secure access. None of the owners signed voluntary access agreements.

28. EPA obtained consent from the owner to remediate a fourth property, but that owner passed away in October 2020. EPA seeks to obtain updated consent to remediate the property. That property is therefore currently not the subject of this case.

**The Need for Access to the Three Properties by EPA and its Representatives**

29. Arsenic is a hazardous substance within the meaning of CERCLA § 101(14), 42 U.S.C. § 9601(14).

30. To protect public health, public welfare, and the environment, EPA and its representatives must access the Three Properties to conduct soil remediation consistent with the requirements of the 2008 Record of Decision.

**EPA's Efforts to Obtain Consent for Access to the Three Properties**

31. Since 2006 in the case of the 2609 22nd Street East property and since 2008 for the other two properties, EPA has made efforts to secure voluntary access agreements with the owners of the Three Properties.

32. EPA identified the owners and attempted to secure access agreements through property visits, mailings, and outreach to any available phone numbers or emails.

33. EPA successfully secured voluntary access agreements from the vast majority of the owners of the residential properties in the Site.

34. Over the course of many years of effort by EPA, the list of properties where owners have not approved access for remediation has been reduced to the Three Properties.

35. EPA employees generally pursued the following steps to attempt to secure access to each of the Three Properties: (1) they confirmed and re-confirmed the current owners in the Hennepin County property records, most recently in September 2020; (2) they called available phone numbers of owners, leaving voicemails where possible; (3) they sent several certified, "return receipt requested" mailings to the owners of the

9

Three Properties; and (4) they visited the properties, leaving information packets and blank access agreements with stamped, return-addressed envelopes.

### Entities in Need of Access to the Three Properties

36.    The work will be conducted through EPA.

### First Claim for Relief: Access Order for 1318 23rd Street East

37.    Paragraphs 1 through 36 are re-alleged and incorporated by reference.

38.    The owner at the time of EPA's original attempts to gain access to the property located at 1318 23rd Street East was David Zeleznikar, who died in 2013. Hennepin County property records still identify Mr. Zeleznikar as the owner, but a Transfer on Death Deed filed by Mr. Zeleznikar with Hennepin County in July 2013 specifies that the property was conveyed upon his death to Maria Maucere and Ayra Brown as joint tenants.

39.    Laboratory analysis of soil samples collected from the property in 2006 established that soil in the front, back, and side yards of the property contained concentrations of arsenic that exceed the Remedial Action Levels established in EPA's 2008 Record of Decision. In 2009, with Mr. Zeleznikar's consent, EPA cleaned up the contaminated soils in the front and side yards. Mr. Zeleznikar denied access to clean up the contaminated soil in his back yard.

40.    In 2016, 2019, and 2020, EPA sent letters to the property requesting access to remediate the contaminated soils at the property. Ms. Maucere refused access in writing in June 2019 and June 2020.

41. EPA has attempted to obtain voluntary access to the property, but despite the efforts described in Paragraph 40, Ms. Maucere has denied access to EPA and its representatives to remediate contaminated soil in the back yard at 1318 23rd Street East.

42. EPA seeks access to 1318 23rd Street East, which is a facility, establishment, or other place or property: (a) from which or to which a hazardous substance or pollutant or contaminant has been or may have been released; (b) where a further release of a hazardous substance is or may be threatened; and (c) where entry is needed to determine the need for response or the appropriate response or to effectuate a response action. CERCLA §§ 104(e)(3)(B)-(D), 42 U.S.C. §§ 9604(e)(3)(B)-(D).

43. EPA and its representatives should be granted access to 1318 23rd Street East for the purpose of remediating the arsenic-contaminated soil in the back yard, including excavating the contaminated soil and replacing it with clean soil, conducting confirmatory soil sampling, preparing for and disposing of the contaminated soil off-site, restoring the property through placement of sod and replacement of landscaping removed during the excavation, maintaining the grass and landscaping for a period of 30 days, and conducting other associated activities.

### Second Claim for Relief: Access Order for 1419 21st Street East

44. Paragraphs 1 through 36 are re-alleged and incorporated by reference.

45. Jean Thoen has owned the property located at 1419 21st Street East since EPA's efforts to obtain access began in 2008. She remains the owner of record through EPA's latest check of County records in September 2020.

46. Ms. Thoen initially gave consent for sampling of her front and back yard in 2008.

47. Laboratory analysis of soil samples collected from the property in 2008 established that soil in the front and back yards of the property contains concentrations of arsenic that exceed the Remedial Action Levels established in EPA's 2008 Record of Decision.

48. In 2011, 2016, and 2020, EPA sent letters to Ms. Thoen requesting access to remediate contaminated soils at the property.

49. EPA has attempted to obtain voluntary access to the property, but despite the efforts described in Paragraph 48, Ms. Thoen has not granted EPA and its representatives access to remediate contaminated soil at 1419 21st Street East.

50. EPA seeks access to 1419 21st Street East, which is a facility, establishment, or other place or property: (a) from which or to which a hazardous substance or pollutant or contaminant has been or may have been released; (b) where a further release of a hazardous substance is or may be threatened; and (c) where entry is needed to determine the need for response or the appropriate response or to effectuate a response action. CERCLA §§ 104(e)(3)(B)-(D), 42 U.S.C. §§ 9604(e)(3)(B)-(D).

51. EPA and its representatives should be granted access to 1419 21st Street East for the purpose of remediating the front and back yards, including excavating the contaminated soil and replacing it with clean soil, conducting confirmatory soil sampling, preparing for and disposing of the contaminated soil off-site, restoring the property through placement of sod and replacement of landscaping removed during the excavation,

maintaining the grass and landscaping for a period of 30 days, and conducting other associated activities.

### Third Claim for Relief: Access Order for 2609 22nd Street East

52. Paragraphs 1 through 36 are re-alleged and incorporated by reference.

53. Clark B. Seifert has owned the property located at 2609 22nd Street East since EPA's efforts to obtain access began in 2006. The County records refer to the owner name as "CLARK B SEIFERT ET AL" and the taxpayer name as "CLARK B SEIFERT." He remains the owner of record through EPA's latest check of County records in September 2020.

54. Laboratory analysis of soil samples collected from the property in 2008 established that soil in both the front and back yards of 2609 22nd Street East contains concentrations of arsenic that exceed the Remedial Action Levels established in EPA's 2008 Record of Decision.

55. In 2016 and 2020, EPA sent letters to Mr. Seifert requesting access to remediate the contaminated soils at the property. Mr. Seifert denied access verbally in April 2016 and in writing in June 2020.

56. EPA has attempted to obtain voluntary access to the property, but despite the efforts described in Paragraph 55, Mr. Seifert has denied access to EPA and its representatives to remediate contaminated soil at 2609 22nd Street East.

57. EPA seeks access to 2609 22nd Street East, which is a facility, establishment, or other place or property: (a) from which or to which a hazardous substance or pollutant or contaminant has been or may have been released; (b) where a further release of a

hazardous substance is or may be threatened; and (c) where entry is needed to determine the need for response or the appropriate response or to effectuate a response action. CERCLA §§ 104(e)(3)(B)-(D), 42 U.S.C. §§ 9604(e)(3)(B)-(D).

58. EPA and its representatives should be granted access to 2609 22nd Street East for the purpose of remediating both the front and back yards, including excavating the contaminated soil and replacing it with clean soil, conducting confirmatory soil sampling, preparing for and disposing of the contaminated soil off-site, restoring the property through placement of sod and replacement of landscaping removed during the excavation, maintaining the grass and landscaping for a period of 30 days, and conducting other associated activities.

**Prayer for Relief**

WHEREFORE, Plaintiff the United States of America respectfully requests this Court to:

1. Issue an Access Order granting EPA and its designated representatives access to 1318 23rd Street East for 90 days from the date that work begins at that property in order to remediate the back yard, including excavating the contaminated soil and replacing it with clean soil, conducting confirmatory soil sampling, preparing for and disposing of the contaminated soil off-site, restoring the property through placement of sod and replacement of landscaping removed during the excavation, maintaining the grass and landscaping for a period of 30 days, and conducting other associated activities.

2. In the Access Order requested in Paragraph 1, enjoin Defendants Maria Maucere and Ayra Brown from any interference with EPA's access to the property during the remediation.

3. Issue an Access Order granting EPA and its designated representatives access to 1419 21st Street East for 90 days from the date that work begins at that property in order to remediate the front and back yards, including excavating the contaminated soil and replacing it with clean soil, conducting confirmatory soil sampling, preparing for and disposing of the contaminated soil off-site, restoring the property through placement of sod and replacement of landscaping removed during the excavation, maintaining the grass and landscaping for a period of 30 days, and conducting other associated activities.

4. In the Access Order requested in Paragraph 3, enjoin Defendant Jean Thoen from any interference with EPA's access to the property during the remediation.

5. Issue an Access Order granting EPA and its designated representatives access to 2609 22nd Street East for 90 days from the date that work begins at that property in order to remediate both the front and back yards, including excavating the contaminated soil and replacing it with clean soil, conducting confirmatory soil sampling, preparing for and disposing of the contaminated soil off-site, restoring the property through placement of sod and replacement of landscaping removed during the excavation, maintaining the grass and landscaping for a period of 30 days, and conducting other associated activities.

6. In the Access Order requested in Paragraph 5, enjoin Defendant Clark B. Seifert from any interference with EPA's access to the property during the remediation.

7. Grant such other relief as this Court deems appropriate.

Date: February 5, 2021                           Respectfully Submitted,


                                            PATRICIA A. McKENNA
Assistant Section Chief
Environment and Natural Resources Division
United States Department of Justice

/s Anna E. Cross
ANNA E. CROSS
Senior Counsel
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC  20044-7611
Telephone:  202-514-1671
Email: Anna.Cross@usdoj.gov

ERICA H. MacDONALD
United States Attorney
District of Minnesota

/s Friedrich A. P. Siekert
FRIEDRICH A. P. SIEKERT
Assistant U.S. Attorney
Attorney ID Number 142013
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
Telephone: 612-664-5600
Email: Fred.Siekert@usdoj.gov

OF COUNSEL:
THOMAS KRUEGER
Associate Regional Counsel
U.S. EPA Region 5
77 W. Jackson Blvd.
Chicago, IL 60604